Dear Mr. Hebert,
You have requested an opinion of this office regarding a proposal by the Terrebonne Parish President to purchase 70 acres of property in the north part of the parish to construct a local government development, which would include a category 5 office for the Homeland Security Department, a new juvenile detention center, an animal shelter, and other government related offices. According to your request, the parish president picked out the site for the project and would like to purchase the property based on an appraisal obtained by the seller. Certain council members were approached by property owners in the area asking why their property was not considered. Thus, you ask whether it is permissible for the parish to purchase property without first seeking proposals from other property owners.
Article VI, § 23 of the Louisiana Constitution authorizes political subdivisions to acquire property. It provides:
 Subject to and not inconsistent with this constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise.
Once the determination has been made by a political subdivision to purchase a particular piece of property, there is nothing in the law that requires it to obtain appraisals from owners of different properties. See
La. Atty. Gen. Op. No. 94-342 (stating "[t]here are no state constitutional or statutory provisions which dictate methods which must be used when school boards or other political subdivisions of the state purchase land."); see also
La. Atty. Gen. Op. No. 95-514. *Page 2 
The law only requires that the property the political subdivision purchases be appraised. This requirement is set forth in La.R.S. 33:4712.10 and provides:
 Notwithstanding any other provision of law to the contrary, no political subdivision shall purchase immovable property with a value greater than three thousand dollars unless prior to such purchase the property has been appraised by a qualified appraiser. No such appraisal shall include the value of improvements proposed to be made to the property after purchase by the political subdivision.
The purchase of immovable property for a price that exceeds the appraised value of the property would be tantamount to a donation of public funds; and therefore, a violation of Article VII, § 14(A) of the 1974 Constitution. La. Atty. Gen. Op. Nos. 08-0226, 99-251, 89-581.
We note that the parish council has the responsibility to act as a prudent manager of the public fisc. Thus, the council must closely scrutinize the appraisal obtained by the seller to ensure it is reasonable, was properly conducted and reflects the fair market value of the property. Fair market value means the price at which property would change hands between a willing buyer and a willing seller when neither party is under any compulsion to buy or sell and both parties have a reasonable knowledge of relevant facts. La. Atty. Gen. Op. Nos. 08-0226, 06-0236. If the council believes the appraisal is too high, it may wish to have its own appraisal done on the property.
Accordingly, it is the opinion of this office that it is permissible for the parish to purchase property without first seeking proposals from other property owners; however, the property must be appraised per La.R.S. 33:4712.10 and the political subdivision may not pay a price that exceeds the appraised value.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt